**PARKER HANSKI LLC**
40 WORTH STREET, SUITE 602
NEW YORK, NEW YORK 10013
PHONE: 212.248.7400
FAX:     212.248.5600
Ghp@ParkerHanski.com

May 22, 2023

Via ECF
The Honorable Lorna G. Schofield
United States District Judge
United States District Court
New York, New York 10007

Re:   *Ashley Francis v. 11-52 44 Drive Inc., 61 4th Avenue, LLC et. al.*

**Docket No. 1:23-cv-02485 (LGS)**

Dear Judge Schofield:

   We represent the plaintiff in the above-entitled action.  We write to respectfully ask the Court to:

   i.   grant plaintiff permission to amend the Complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure or for a pre-motion conference for plaintiff to make a motion to amend the Complaint; and

   ii.  to adjourn the June 7, 2023 Initial Conference to a date in July 2023 in order to provide time for defendants to respond to the Amended Complaint and be prepared for the Conference.

   Defendants consent to this application.  The proposed Amended Complaint seeks to add a new party related to the allegations in the Complaint because defendants have advised that plaintiff has named the wrong tenant-defendant.  Accordingly, plaintiff seeks to add Gramber LLC as the new defendant because plaintiff has learned that defendant Gramber LLC is currently the tenant operating the premises at issue in this litigation.  A copy of the proposed Amended Complaint is attached to this letter.  Plaintiff will voluntarily dismiss defendant Happy Bowls of New York, which operates a similar store in another location.

**Legal Standard on a Motion to Amend**

   Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, a party may amend its pleading by leave of court and leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a)(2); *see also Monahan v. New York City Dept. of Corrections,* 214 F.3d 275, 283 (2d Cir.2000) (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).  Generally, amendments are favored because they "tend to facilitate a proper decision on

---

Application **GRANTED.**  Leave to amend is granted because substitution of the correct tenant of the premises at issue in this litigation would facilitate resolution on the merits, furthering the interest of justice.  *See* Fed. R. Civ. P. 15(a)(2).  Plaintiff shall file the Amended Complaint by **May 24, 2023**.  The initial pretrial conference is **ADJOURNED** from June 7, 2023, to **June 21, 2023**, at **4:10 P.M.**  The conference will be telephonic and will take place on the following line: 888-363-4749; access code: 558-3333.  The parties shall file the required joint letter and proposed case management plan by **June 14, 2023**.  Plaintiff shall mail a copy of this Order and the Amended Complaint to all Defendants via FedEx and file proof of service on the docket by **May 24, 2023**.  So Ordered.

Dated: May 23, 2023
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

the merits." *Sokolski v. Trans Union Corp.,* 178 F.R.D. 393, 396 (E.D.N.Y.1998) (internal quotation marks and citations omitted).

Where, as here, a proposed amendment adds a new party, the propriety of amendment is governed by Federal Rule of Civil Procedure 21 ("Rule 21"), which provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed.R.Civ.P. 21; *see Garcia v. Pancho Villa's of Huntington Vill., Inc.,* 268 F.R.D. 160, 165 (E.D.N.Y. 2010) (citing *Dueling v. Gristede's Operating Corp.,* 265 F.R.D. 91 (S.D.N.Y. 2010)). Rule 21 grants the court broad discretion to permit the addition of a party at any stage in the litigation. *Sullivan v. West New York Residential, Inc.,* 2003 WL 21056888, at *1 (E.D.N.Y. Mar. 5, 2003).

In deciding whether to permit the addition of defendants, courts apply the "same standard of liberality afforded to motions to amend pleadings under Rule 15." *Soler v. G & U, Inc.,* 86 F.R.D. 524, 528 (S.D.N.Y.1980) (quoting *Fair Hous. Dev. Fund Corp. v. Burke,* 55 F.R.D. 414, 419 (E.D.N.Y. 1972)). Thus, leave to amend a complaint to assert claims against additional defendants "should be denied only because of undue delay, bad faith, futility, or prejudice to the non-moving party, and the decision to grant or deny a motion to amend rests within the sound discretion of the district court." *DeFazio v. Wallis,* 2006 WL 4005577, at *1 (E.D.N.Y. Dec. 9, 2006) (citing *Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc.,* 404 F.3d 566, 603–04 (2d Cir. 2005); and *Zahra v. Town of Southold,* 48 F.3d 674, 685 (2d Cir. 1995).

**Application of the Law to the Facts**

Here, plaintiff seeks to amend the Complaint very early in the litigation before any discovery has started. Accordingly, plaintiff has not unduly delayed in seeking to amend. Nor is any prejudice from the amendment as there will be no need to re-open discovery and/or repeat the use of any discovery device.

The primary reason for the amendment is to add a new party who leases and operates the place of public accommodation at issue in this action. The new defendant is a proper party under the discrimination statutes as the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the Executive Law (§ 292(9)) and the Administrative Code (§ 8-102(9)).

There being no evidence of bad faith, undue delay, or prejudice by the plaintiff in seeking to amend the Complaint, plaintiff respectfully asks the Court to grant permission to file and serve an Amended Complaint; and to adjourn the June 7, 2023 conference to a date in July 2023. Thank you for your time and attention to this matter. With kindest regards, I am

very truly yours,

/s
Glen H. Parker, Esq.