# PARKER HANSKI LLC

40 WORTH STREET, SUITE 602
NEW YORK, NEW YORK 10013
PHONE:    212.248.7400 EXT. 15
FAX:       212.248.5600
ghp@parkerhanski.com

June 13, 2023

Via ECF
The Honorable Lorna G. Schofield
United States District Judge
United States District Court

**Re:**    *Ashley Francis v. 11-52 44 Drive Inc., 61 4th Avenue, LLC and Gramber LLC*

**Docket No. 1:23-cv-02485 (LGS)**

Dear Judge Schofield:

As per Your Honor's Order dated, the parties jointly submit the following information:

**(1)    A brief statement of the nature of the case, the principal claims and defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement or dispositive motion.**

a.    Nature of the Case and Principal Claims

Because of a step at the entrance as well as other interior architectural barriers, Plaintiff claims that the defendants own, operate, and maintain a public accommodation that violates, among other things, the ADA Standards for Accessible Design.  The wheelchair user plaintiff seeks monetary and injunctive relief to compel the defendants to, among other things, makes their premises readily accessible and usable to the disabled plaintiff.  Plaintiff brings this lawsuit to redress defendants' unlawful disability discrimination against plaintiff, in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq.* and its implementing regulations, the New York State Executive Law § 296, New York State Civil Rights Law § 40, and the Administrative Code of the City New York § 8-107.

b.    Defenses.

Defendant has set forth a series of affirmative defenses related to the feasibility and cost of remedying any purported structural deficiencies, as well as Plaintiff's standing to bring this action.  Defendant may also seek dismissal based on the doctrine of mootness once all identified issues are permanently remedied, thereby depriving this Court of subject matter jurisdiction to hear the case.

**(2)**    **A brief statement by plaintiff as to the basis of subject matter jurisdiction and venue, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction and venue. Statements shall include citations to relevant statutes.**

      Plaintiff asserts that this Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of plaintiff's rights under the ADA.  The Court has supplemental jurisdiction over plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

      Plaintiff asserts that venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because defendants' acts of discrimination alleged herein occurred in this district and defendants' place of public accommodation that is the subject of this action is located in this district.

**(3)**    **In addition, in cases for which subject matter jurisdiction is founded on diversity of citizenship, the parties shall explain the factual basis for such jurisdiction including (i) in the case of a corporation, the principal place of business and place of incorporation, (ii) in the case of a partnership, limited liability company or trust, the citizenship of each of the entity's members, shareholders, partners and/or trustees. If this information is lengthy, it may be included in an Appendix to the letter, not to be included in the page limit;**

Not applicable.

**(4)**    **A brief description of any (i) motions that any party seeks or intends to file, including the principal legal and other grounds in support of and opposition to the motion, (ii) pending motions and (iii) other applications that are expected to be made at the status conference.**

      Plaintiff contemplates a motion for Summary Judgment after the close of discovery for liability and a permanent injunction directing the defendants to remove and cure all statutory violations alleged in the Complaint.  Defendants anticipate a motion for summary judgment/dismissal based on mootness after completion of any remedial work required.

**(5)**    **A brief description of any discovery that has already taken place, and any discovery that is likely to be admissible under the Federal Rules of Evidence and material to proof of claims and defenses raised in the pleadings. (This is narrower than the general scope of discovery stated in Rule 26(b)(1));**

No discovery has taken place at this time.

**(6)**    **A computation of each category of damages claimed, *see* Fed. R. Civ. P. 26(a)(1)(A)(iii);**

      Plaintiff is seeking the non-economic damages of emotional distress and punitive damages. But plaintiff is unable to provide any meaningful quantification of damages because a "computation" for non-economic damages such as damages for emotional distress and punitive damages are not susceptible to meaningful quantification.  Plaintiff seeks prejudgment interest for all damages.

**(7)**    **A statement describing the status of any settlement discussions and whether the parties would like a settlement conference; and**

The parties have not engaged in substantive settlement discussions, but are interested in participating in the District's mediation program.

**(8)   Any other information that the parties believe may assist this Court in resolving the action.**

None at this time.

Very truly yours,

_____/s/_____
Glen H. Parker, Esq.